IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Criminal No. SAG-25-302 |
| | * | |
| **DEMETRIS WHITE** | | |
| | ******* | |

## MEMORANDUM OPINION AND ORDER

On October 15, 2025, a grand jury returned a superseding indictment against Demetris White charging him with assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1)(b). ECF 8. Currently pending is Mr. White's Appeal of Detention Order ("the Motion"), ECF 29, which seeks reconsideration of the detention order issued by United States Magistrate Judge J. Mark Coulson on November 20, 2025, ECF 26. This Court held a de novo Detention Hearing on December 16, 2025, and invited and received post-hearing submissions from both parties. ECF 34, 36. For the reasons that follow, Mr. White's appeal will be denied, although this Court will set a scheduling call to put this case on track for expedited disposition.

I.   **Procedural History**

Upon Mr. White's initial appearance on November 17, 2025, the government sought his pretrial detention. Judge Coulson held a detention hearing and ordered Mr. White's detention, citing the seriousness of the offense, the strength of the Government's proffered evidence (including a video), and Mr. White's criminal history, including four assault convictions. ECF 26. Judge Coulson found by clear and convincing evidence that there would be no condition or combination of conditions which would reasonably assure community safety. *Id.* Five days later, Mr. White filed the instant appeal.

## II. Standard of Review

Pretrial detention and release are governed by the Bail Reform Act ("BRA"), 18 U.S.C. §§ 3141, *et seq.* The BRA instructs the Court to seek "the least restrictive further condition or conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(c)(1)(B). However, if the Court finds after the hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the court "shall order the detention of the person before trial." *Id.* § 3142(e)(1). Where, as here, a detention ruling is based on a defendant's danger to the community, the Court must make the finding by clear and convincing evidence. *United States v. Stewart,* 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam).

The Court's determination is governed by four factors:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1951, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including –

  (A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

### III. Analysis

Looking to the first of the § 3142(g) factors, the nature and circumstances of the offense charge suggest a danger to the community. This Court has reviewed the video of the event in question and notes what appears to be a heated verbal exchange between Mr. White and the victim officer, culminating in Mr. White headbutting the officer and causing a bloody split lip. The government also proffered that Mr. White made angry comments to the officer and other officers following the incident, cursing and threatening further physical assault.

The second factor also suggests danger to the community, as the weight of the evidence against Mr. White is quite strong in light of the video capturing the incident and the photographic evidence of the officer's injury.

This Court weighs the third factor as neutral. Mr. White has mental health diagnoses qualifying him for disability benefits and has also struggled with substance abuse, which exacerbates his mental state. His criminal history consists of controlled substance offenses and, beginning in 2009, a series of four assault convictions. He also has a pending warrant for assault second degree in Baltimore City. In his favor, Mr. White has significant family ties in the Baltimore area, he complied with an order not to return to the Social Security Administration after the incident charged in this case, and the agents allowed him to self-surrender to the United States Marshals in October 2025, which he did without incident.

The fourth factor, though, also suggests a danger to the community. Mr. White's track record is an unpredictable one, suggesting that the combination of his mental health and substance abuse issues render him volatile in a way that poses a danger to those he encounters.

This Court has carefully weighed Mr. White's proposal that he be released on 24/7 lockdown with location monitoring at one of several dual diagnosis facilities that have accepted him for admission. This Court has concerns about placing Mr. White in a less restrictive community residential setting with other residents and authority figures, given his assault history. Obviously, the likelihood that Mr. White will respond favorably to the treatment offered at those facilities is uncertain. This Court is also concerned about the suitability of the identified facilities to accommodate the intensive location monitoring required by the United States Pretrial Services Office. Prior experience suggests that, while such facilities may express an ability to accommodate location monitoring, they do not generally provide the around-the-clock telephone access that the federal supervising officers require and their programming schedules often conflict with Pretrial Services's required appointments. Given this Court's grave concerns about the risk Mr. White poses to community safety, the § 3142(g) factors ultimately weigh in favor of his continued detention.

IV. CONCLUSION

For the reasons stated herein, it is ORDERED that Mr. White's Appeal of Detention, ECF 26, is DENIED. However, given the nature of this case and Mr. White's mental health and substance abuse issues, this Court will conduct a scheduling call on **Tuesday, January 6, 2026 at 9:45 a.m.** to discuss setting an expedited schedule for disposition.

Dated: December 23, 2025                             /s/
                                         Stephanie A. Gallagher
                                         United States District Judge